IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| PATRICK O. SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:06-3587-HFF-BM |
| | ) | |
| v. | ) | |
| | ) | |
| A. LANE CRIBB, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Georgetown County Detention Center,[1] alleges violations of his constitutional rights.

The Defendant filed a motion to dismiss on June 8, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 11, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed an "affidavit" in opposition on July 16, 2007. Defendant's motion is now before the Court for disposition.[2]

---

[1] Plaintiff is now an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections. See Document No. 10 [change of address notice].

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a

1



**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. v. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff alleges in his verified Complaint[3] that while he was housed at the Georgetown County Detention Center there was mold on the walls, and that because the detention facility had "no ventilation" this condition constituted a health risk to inmates. Plaintiff asked for

---

dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



monetary damages, as well as injunctive relief. See generally, Verified Complaint. However, Defendant argues in his motion, inter alia, that this case should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. After careful review and consideration of the materials filed with this Court, the undersigned is constrained to agree.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[4] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed with his claim in this Court, he must first have exhausted

---

[4] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).

3



the administrative remedies available at the jail.

The Fourth Circuit has held that it is the Defendant who has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. Here, the Defendant has asserted this defense in his Rule 12 motion to dismiss, and supports his argument for dismissal on this ground by pointing to Plaintiff's own Complaint. In his verified Complaint, Plaintiff states that the jail does have a grievance procedure, and that he filed a grievance concerning his claim on December 8, 2006. Plaintiff also acknowledges that he did not receive a final answer to his grievance from the jail prior to filing this lawsuit. See Complaint, Section II, ¶¶ A-D. Indeed, it should not be surprising that Plaintiff had not yet received a response to this grievance, since his Complaint is dated December 13, 2006, and has the original grievance attached to it as an exhibit.

In his affidavit filed in opposition to the motion, Plaintiff does not specifically address the issue of exhaustion. Rather, he simply states that he filed a grievance about the fungi needing to be cleaned from his cell, and that he had received no reply. However, while a failure by prison authorities to respond to a grievance within a reasonable time period may under some circumstances void a prisoner's obligation to exhaust his administrative remedies prior to bringing a lawsuit in federal court; see Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [following the lead of the...other circuits that have considered the issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating



that prison's failure to timely respond renders administrative remedies unavailable]; Plaintiff's filing of his Complaint only five (5) days after he purportedly[5] submitted a grievance on this issue is not sufficient to establish a good faith effort by the Plaintiff to have this issue resolved through the grievance procedure. Graham v. Perez, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000) [where prisoner files grievance but fails to afford prison officials adequate time to investigate and respond before filing his complaint, prisoner has failed to exhaust available administrative remedies]. Further, even if Plaintiff completed the jail's grievance process after having filed this lawsuit, of which there is no evidence, this would still not be sufficient to save Plaintiff's claim from dismissal. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]; Erby v. Kula, 98 Fed.Appx. 405, 407 (6th Cir. 2004) [State prisoner's letter to state prison director did not exhaust his administrative remedies, as required, where prisoner sent his letter during pendency of federal suit.].

Based on the foregoing, and in light of Plaintiff's own admission in his verified Complaint that he failed to exhaust the jail grievance procedure prior to bringing this lawsuit, the Defendant is entitled to dismissal of Plaintiff's claim. Booth, 532 U.S. at 741; *cf.* Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

---

[5]The undersigned has used the term "purportedly" since Plaintiff's original grievance, which bears no date stamp or other indicia of ever having even been received by jail authorities, is attached to his Complaint.

5



## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 5, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

